UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


OMEGA HOSPITAL, LLC                                          CIVIL ACTION

VERSUS                                                            No. 08-1530

BLUE CROSS BLUE SHIELD OF ALABAMA, *et al.*          SECTION:  I/1


ORDER AND REASONS

Before the Court is a motion filed on behalf of plaintiff, Omega Hospital, L.L.C.

("Omega"), to remand this action pursuant to 28 U.S.C. § 1447 (2006) for lack of subject matter

jurisdiction.[1]  For the following reasons, plaintiff's motion is **GRANTED**.


BACKGROUND

On August 24, 2006, Omega provided medical services to Jennifer L., who was insured

by Blue Cross Blue Shield of Alabama ("BCBS") and Coventry Health Care of Louisiana

("Coventry") on that date.[2]  Omega alleges that, prior to providing medical services, it obtained

precertification and verification from defendants that Jennifer L. had insurance and that the

_____

[1] R. Doc. No. 8.

[2] R. Doc. No. 1-2, notice of removal, ex. A, pet. ¶¶ II-III.

specific care to be rendered was covered by the patient's insurance policies.[3]  Omega contends

that, after rendering services, defendants paid it at a significantly lower rate than the quoted rate.[4]

On February 27, 2008, Omega filed a lawsuit against BCBS and Coventry in the 24th

Judicial District Court for the Parish of Jefferson, Louisiana.  Omega seeks damages as a result

of its detrimental reliance on the defendants' representations, the defendants' breach of an oral

contract, and defendants' negligent, fraudulent, and/or grossly negligent failure to provide

correct information.[5]  Omega seeks the full value of the medical services provided, which totals

$56,724.19, as well as attorney's fees and court costs.[6]

On April 4, 2008, BCBS removed the lawsuit to this Court, alleging that the Court has

original jurisdiction pursuant to 28 U.S.C. § 1331 because the controversy arises under the

Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461

(2006).[7]       On April 22, 2008, Omega filed this motion to remand.[8]  Omega contends that

this lawsuit does not arise under ERISA because the lawsuit is based exclusively on state law,

the lawsuit does not "relate to ERISA," and Omega does not assert its rights as an assignee of the

patient.[9]

---

[3] *Id.* ¶ IV.

[4] *Id.* ¶ V.

[5] *Id.* ¶¶ VI-VII.

[6] *Id.* ¶ VIII.

[7] R. Doc. No. 1, notice of removal ¶ 8.

[8] Mot. remand.

[9] *Id.* ¶¶ III-IV.  Omega also argues that federal jurisdiction cannot be established based upon diversity of citizenship.  R. Doc. No. 8-3, mem. supp. at 4-6.  Because both Coventry and Omega are Louisiana citizens, the Court agrees.  *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84, 126 S. Ct. 606, 610, 163 L. Ed. 2d 415, 422 (2005) ("Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all

*LAW AND ANALYSIS*

## I.  Standard of Law

*A.  Motion To Remand*

A district court must remand a case to state court if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction."  28 U.S.C. § 1447(c); *Preston v. Tenet Healthsys. Mem'l Med. Ctr., Inc.*, 485 F.3d 804, 813 n.3 (5th Cir. 2007).  The burden of establishing that federal jurisdiction exists in a case "rests on the party seeking the federal forum."  *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).  The removal statute is to be strictly construed.  *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007).  Any "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."  *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).  In order to determine whether jurisdiction is present, a court must "consider the claims in the state court petition as they existed at the time of removal."  *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

*B.  Federal Question Jurisdiction and ERISA Preemption*

United States District Courts have original subject matter jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Ordinarily, "[t]o determine whether the claim arises under federal law, we examine the 'well pleaded' allegations of the complaint and ignore potential defenses."  *Arana v. Ochsner Health*

---

named plaintiffs and all named defendants, and no defendant is a citizen of the forum State.").

*Plan*, 338 F.3d 433, 437 (5th Cir. 2003).  However, a federal statute "may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character" and it is, therefore, removable.  *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64, 107 S. Ct. 1542, 1546, 95 L. Ed. 2d 55, 63 (1987); *Arana*, 338 F.3d at 437.  It is well settled that "Congress has clearly manifested an intent to make causes of action within the scope of the civil enforcement provisions of § 502(a) [of ERISA] removable to federal court."  *Metro. Life*, 481 U.S. at 66, 107 S. Ct. at 1548, 95 L. Ed. 2d at 65; *see McGowin v. ManPower Int'l, Inc.*, 363 F.3d 556, 559 (5th Cir. 2004).

If a federal statute completely preempts an asserted cause of action, it is removable "because 'when the federal statute completely pre-empts the state law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law.'"  *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207-08, 124 S. Ct. 2488, 2495, 159 L. Ed. 2d 312, 326 (2004) (*quoting Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8, 123 S. Ct. 2058, 2063, 156 L. Ed. 2d 1, 8 (2003)); *see McClelland v. Gronwaldt*, 155 F.3d 507, 512 (5th Cir. 1998).  ERISA § 502(a) is a federal statute that has such "extraordinary pre-emptive power" that it "converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule."  *Metro. Life*, 481 U.S. at 65, 107 S. Ct. at 1547, 95 L. Ed. 2d at 64; *see Hartle v. Packard Elec.*, 877 F.2d 354, 355 (5th Cir. 1989) (noting that state law actions displaced by the ERISA civil enforcement provisions can be recharacterized as a federal law claim).

A plaintiff may not avoid federal jurisdiction by artfully pleading a completely preempted cause of action in terms of state law; the artful-pleading doctrine allows removal even

if the plaintiff omits pleading necessary federal questions.  *See Rivet v. Regions Bank of La.*, 522 U.S. 470, 475-76, 118 S. Ct. 921, 925, 139 L. Ed. 2d 912, 919 (1998).  Accordingly, "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted."  *Aetna Health*, 542 U.S. at 209, 124 S. Ct. at 2495, 159 L. Ed. 2d at 327; *see La. Health Servs. & Indem. Co. v. Rapides Healthcare Sys.*, 461 F.3d 529, 534 (5th Cir. 2006).  However, an analysis of ERISA preemption "must be guided by respect for the separate spheres of governmental authority preserved in our federalist system."  *Alessi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504, 522, 101 S. Ct. 1895, 1905, 68 L. Ed. 2d 402, 416 (1981).

    Preemption in the context of ERISA may be of two types:  complete preemption or conflict (ordinary) preemption.  *Copling v. Container Store, Inc.*, 174 F.3d 590, 594-95 (5th Cir. 1999).  Complete preemption pursuant to ERISA § 502(a) provides removal jurisdiction, while ordinary or conflict preemption pursuant to ERISA § 514 does not.[10]  *Roark v. Humana, Inc.*,

---

[10] ERISA § 502(a) provides that a participant or beneficiary of an employee benefit plan may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."  29 U.S.C. § 1132(a)(1)(B); *see Halliburton Co. Benefits Comm. v. Graves*, 463 F.3d 360, 375-76 (5th Cir. 2006).
      ERISA § 514 provides, in pertinent part, that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described" in ERISA.  29 U.S.C. § 1144.  The United States Court of Appeals for the Fifth Circuit discussed conflict preemption pursuant to ERISA § 514:
          "State law claims [that] fall outside the scope of ERISA's civil enforcement provision, § 502, even if preempted by § 514(a), are still governed by the well-pleaded complaint rule and, therefore, are not removable under the complete preemption principles established in *Metropolitan Life*."
              The presence of conflict-preemption does not establish federal question jurisdiction.  Rather than transmogrifying a state cause of action into a federal one-as occurs with complete preemption-conflict preemption serves as a *defense* to a state action.
              When the doctrine of complete preemption does not apply, but the plaintiff's state claim is arguably preempted under § 514(a), the district court, being without removal jurisdiction, cannot resolve the dispute regarding preemption.
*Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 337 (5th Cir. 1999) (*quoting Dukes v. U.S. Healthcare, Inc.*, 57 F.3d 350, 355 (3d Cir. 1995) (citations and footnotes omitted).

307 F.3d 298, 305 (5th Cir. 2002).

State law causes of action are completely preempted by ERISA § 502(a)(1)(B) and federal question jurisdiction is established when both:  (1) an individual, at some point in time, could have brought the claim under ERISA, and (2) there is no legal duty independent of ERISA or the plan terms that is implicated by the defendant's actions.  *Aetna Health*, 542 U.S. at 209-10, 124 S. Ct. at 2495-96, 159 L. Ed. 2d at 327-28.  Conversely, "lawsuits against ERISA plans for run-of-the-mill state-law claims such as unpaid rent, failure to pay creditors, or even torts committed by an ERISA plan," are not preempted.  *Mackey v. Lanier Collection Agency & Serv., Inc.*, 486 U.S. 825, 833, 108 S. Ct. 2182, 2187, 100 L. Ed. 2d 836, 846 (1988).

## II.    Discussion

A.    *Whether Omega Could Have Brought Its Claim Pursuant to ERISA § 502(a)(1)(B)*

In determining whether Omega's state law claim is completely preempted, the Court must first decide whether Omega could have brought its claim pursuant to ERISA § 502(a)(1)(B).  It is settled that ERISA participants[11] and beneficiaries[12] of employee benefit plans are individuals who can bring claims pursuant to § 502(a)(1)(B); a claim brought by one of these individuals for improper claim processing preempts state law causes of action. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 56, 107 S. Ct. 1549, 1553, 95 L. Ed. 2d 39, 50-51 (1987).  However, ERISA does not preempt "[a] state law claim . . . [that] does not affect the relations among the

---

[11] Participant is defined as "any employee or former employee of an employer . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan."  ERISA § 3(7), 29 U.S.C. § 1002(7).

[12] Beneficiary is defined as "a person designated by a participant by the terms of an employee benefit plan." ERISA § 3(8), 29 U.S.C. § 1002(8).

principal ERISA entities (the employer, the plan fiduciaries, the plan, and the beneficiaries)." *Perkins v. Time Ins. Co.*, 898 F.2d 470, 473 (5th Cir. 1990).

Omega is not a participant or beneficiary of an ERISA plan.  Accordingly, Omega does not have independent standing to seek recovery pursuant to ERISA.  *See Mem'l Hosp. Sys. v. Northbrook Life Ins. Co.*, 904 F.2d 236, 249 (5th Cir. 1990) (*citing Hermann Hosp. v. MEBA Med. & Benefits Plan*, 845 F.2d 1286, 1290 (5th Cir. 1988)).  Notwithstanding, when a participant or beneficiary assigns to a third-party service provider his right to receive benefits pursuant to an ERISA plan, such provider may bring a *derivative action* to enforce an ERISA plan beneficiary's claim.  *Harris Methodist Fort Worth v. Sales Support Servs. Inc. Employee Health Care Plan*, 426 F.3d 330, 333-34 (5th Cir. 2005); *Hermann*, 845 F.2d at 1289-90. Jennifer L., an ERISA participant, assigned her right to receive benefits to Omega.[13]  This does not end the inquiry, however.  The Court must also determine whether Omega's claims implicate an independent legal duty.[14]

---

[13] R. Doc. No. 1-8, notice of removal, ex. B, Wayne Harrison aff. ¶¶ 2, 5; R. Doc. No. 1-11, notice of removal, ex. B-2, assignment.

[14] Defendants argue that, because Omega is an assignee of Jennifer L., it is a plan participant and is suing in its derivative capacity under the ERISA plan.  Mem. opp'n at 12-13.  However, these are separate inquiries.  If the assignment of benefits is irrelevant to the plaintiff's right to recover, ERISA will not preempt the plaintiff's claims. *See, e.g.*, *Northbrook*, 904 F.2d at 250 (noting that the patient's assignment of benefits was irrelevant to the hospital's right to recover and, therefore, ERISA did not preempt the claims); *Jefferson Parish Hosp. Serv. Dist. No. 2 v. Principal Health Care of La., Inc.*, 934 F. Supp. 206, 208-09 (E.D. La. 1996) (Fallon, J.) (holding that the patient's assignment of ERISA rights was irrelevant and the plaintiff did not derive its right to sue from an ERISA plan participant); *Jefferson Parish Hosp. Dist. No. 2 v. Cent. States*, 814 F. Supp. 25, 26-27 (E.D. La. 1993) (Arceneaux, J.) (holding that the hospital was not suing as an assignee despite the fact that an assignment was made); *Ambulatory Infusion Therapy Specialists, Inc. v. Aetna Life Ins. Co.*, Civil Action No. H-05-4389, 2006 WL 1663752, at *7 (W.D. Tex. June 13, 2006) ("The fact that N.D. assigned his benefits to AITS does not resolve the preemption issue; although a healthcare provider's claim cannot be completely preempted if it did not receive an assignment that would give it standing to sue under ERISA, the assignment itself does not result in complete preemption of the hospital's claim.").  Therefore, the Court must determine not only whether an assignment was made, which it has, but also whether Omega is suing pursuant to that assignment to enforce an ERISA plan beneficiary's claim.

B.      *Whether Omega's Claims Implicate an Independent Legal Duty*

In order for Omega's state law claims to be completely preempted, there must also be no independent legal duty implicated by defendants' actions.  *See Aetna Health*, 542 U.S. at 209, 124 S. Ct. at 2495, 159 L. Ed. 2d at 327.  A claim implicates an independent legal duty when the individual is entitled to the state law claim regardless of the terms of an ERISA plan.  *Id.* at 210, 124 S. Ct. at 2496, 159 L. Ed. 2d at 328.  In order to determine whether Omega's claims implicate an independent legal duty, the Court must engage in "a fact-sensitive inquiry into whether a medical services provider is properly characterized as an independent third-party provider or as an assignee asserting a derivative claim for ERISA benefits."  *Abilene Reg'l Med. Ctr. v. United Indus. Workers Health & Benefits Plan*, No. 06-10151, 2007 WL 715247, at *3 (5th Cir. Mar. 6, 2007).

Omega is not claiming that defendants are liable for damages for failure to pay pursuant to the terms of an ERISA plan, but rather that it was injured because it provided medical services to Jennifer L. in accordance with defendants' representations.  Omega is alleging that defendants' negligent, fraudulent, or grossly negligent statements, upon which it allegedly relied, are the basis of its claims, not whether or not Jennifer L. is entitled to benefits under the ERISA plan.

Courts have consistently held that claims of negligent misrepresentation, detrimental reliance, and breach of contract for failure to pay after verification of benefits implicate independent legal duties that are not preempted by ERISA.  *See Northbrook*, 904 F.2d at 250 (holding that a third-party healthcare provider's negligent misrepresentation claim was not preempted by ERISA); *Jefferson Parish Hosp. Serv. Dist. No. 2 v. Principal Health Care of La.,*

*Inc.*, 934 F. Supp. 206, 209 (E.D. La. 1996) (Fallon, J.) (holding that a detrimental reliance claim brought by a third-party healthcare provider against an ERISA plan was brought in the healthcare provider's independent statuts); *Jefferson Parish Hosp. Dist. No. 2 v. Cent. States*, 814 F. Supp. 25, 27 (E.D. La. 1993) (Arceneaux, J.) (holding that ERISA did not preempt a hospital's detrimental reliance claim); *Intra-OPerative Monitoring Servs., Inc. v. Humana Health Benefit Plan of La., Inc.*, No. Civ.A. 04-2621, 2005 WL 1155847, at *2 (E.D. La. May 5, 2005) (Zainey, J.) (holding that the plaintiffs' claims were not preempted by ERISA because they were not seeking plan benefits, but instead were seeking to recover for detrimental reliance and breach of contact for failure to pay after verifying services).[15]  Because Omega is seeking to recover for defendants' actions independent of an ERISA plan and is not seeking to recover ERISA plan benefits, the Court finds that Omega's claims are not preempted by ERISA.[16]

---

[15] Defendants rely upon *Abilene* for the proposition that where a separate contract between an insurer and a healthcare provider has a sufficient nexus with an ERISA plan, the healthcare provider's state law breach of contract claims are completely preempted.  Mem. opp'n at 6-9.  However, *Abilene* is not analogous because that breach of contract claim arose out of a settlement agreement between the ERISA insurer and the healthcare provider *after* medical services had been provided.  2007 WL 715247, at *3.  The Fifth Circuit stated:

> [The healthcare provider] points to cases . . . to support the proposition that ERISA does not preempt breach of contract claims by third-party health care providers. The present case is distinguishable . . . .  In essence, all of the cases cited . . . involved health care providers suing ERISA plans for breaching pre-existing fee-for-service contracts.  Unlike [the healthcare provider's] contracts with [the ERISA insurer], those cases did not address contracts that arose from settlements after a specific claim for benefits had been made. . . .  [The healthcare provider] cannot escape the fact that [its contracts with the ERISA insurer] arose from settlement negotiations about [the patient's] claim for benefits.

*Id.* (citation omitted).  Therefore, the Fifth Circuit held that the claim was preempted because it was not a truly independent contract claim.  *Id.* at *5.

The other cases cited by defendants are similarly distinguishable.  *See Tenet Healthcare Ltd. v. Unicare Health Plans of Tex., Inc.*, Civil Action No. H-07-3534, 2007 WL 4562872 (S.D. Tex. Dec. 21, 2007) (holding that a breach of contract claim arising out of a managed care agreement that only reimbursed the provider for ERISA-covered services was completely preempted); *Ambulatory Infusion*, 2006 WL 1663752, at *8 (holding that, because resolution of the breach of contract claim required interpretation of an ERISA plan and a determination as to the rights and benefits under the plan, the contract claim was completely preempted).

[16] Defendants suggest that Omega makes an open-account claim and that the law is "well-settled that claims for open account are completely preempted."  Mem. opp'n at 14.  While Omega's petition mentions open account, the Court is not persuaded that Omega is seeking to recover pursuant to La. Rev. Stat. Ann. § 9:2781, Louisiana's

Accordingly,

**IT IS ORDERED** that plaintiff's motion to remand[17] is **GRANTED** and the above-captioned matter is **REMANDED** to the 24th Judicial District Court for the Parish of Jefferson pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.

New Orleans, Louisiana, June 18, 2008.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

open account statute.  Omega merely asserts that attorney's fees are payable "as all claims are for open accounts and the breach in question is based on fraud"; the petition fully details the claims alleged–breach of an oral contract, detrimental reliance, and negligent, fraudulent, and/or grossly negligent misrepresentation.  Pet. ¶¶ VII-VIII.

  Even assuming Omega asserts an open account claim, the cases cited by defendants are not factually similar.  Those decisions were each based on a finding, explicit or implicit, that the plaintiff was attempting to recover benefits pursuant to an ERISA plan.  *See Tilton v. Wal-Mart Stores, Inc.*, No. CIV.A. 98-2801, 1999 WL 307606 (E.D. La. May 13, 1999) (Barbier, J.) (noting that plaintiff's claim to recover medical expenses that were assigned to it by a plan participant was preempted); *MacKinnon Home Health, Inc. v. Travelers Ins. Co.*, Civ. A. No. 91-3890, 1991 WL 276086 (E.D. La. Dec. 16, 1991) (Arceneaux, J.) (noting that the plaintiff was claiming amounts due under an ERISA plan for services provided to an ERISA beneficiary).  Furthermore, this Court has held that an open account claim is not preempted if it implicates an independent legal duty.  *See Morgan v. MEBA Med. & Benefits Plan*, Civil Action No. 07-6252, 2007 WL 4591233, at *4 (E.D. La. Dec. 28, 2007); *Ctr. for Restorative Breast Surgery, LLC v. Blue Cross Blue Shield of La.*, Civil Action No. 06-9985, 2007 WL 1428717, at *5 (E.D. La. May 10, 2007).  Because Omega is claiming that it is entitled to recover from defendants for their actions, regardless of whether the benefits are covered under Jennifer L.'s ERISA plan, Omega's claims implicate an independent legal duty.

  [17] R. Doc. No. 8.

10